1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSWALDO VANEGAS, | CASE NO. 08CV2261-MMA (BGS) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO OBTAIN COUNSEL & MOTION FOR APPOINTMENT OF COUNSEL;** |
| vs. | |
| | [Doc. Nos. 57 & 61] |
| UNITED STATES OF AMERICA, and DOES 1 through 100, inclusive, | **GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE UNDER RULE 41(b)** |
| | [Doc. No. 55] |
| Defendant. | |

This matter is before the Court on Defendant United States of America's motion to dismiss due to Plaintiff Oswaldo Vanegas' failure to prosecute under Rule 41(b) of the Federal Rules of Civil procedure. Plaintiff, proceeding *pro se*, has not filed an opposition to Defendant's motion, however, he has filed a motion seeking an extension of time to obtain counsel, and a motion for appointment of counsel. After careful consideration, for the following reasons, the Court **DENIES** Plaintiff's motions and **GRANTS** Defendant's motion.

///

## BACKGROUND

This is an action brought under the Federal Tort Claims Act to recover for injuries sustained by Plaintiff while attempting to cross the border illegally aboard a freight train/on foot. Plaintiff filed the operative complaint on December 5, 2008 and was represented by attorney Matan Drelich.  *See* Doc. No. 1.  The parties appeared for an Early Neutral Evaluation conference on April 28, 2009, and subsequently moved the Court jointly to bifurcate the liability and damages phases of the case, in order to defer damages-related discovery.  *See* Doc. No. 10.  The Court held a Case Management Conference on June 30, 2009 and thereafter issued a scheduling order.  *See* Doc. Nos. 12 & 13.  Approximately one month later, Plaintiff's counsel filed a motion requesting to withdraw as attorney of record.  *See* Doc. No. 14.  After hearing the arguments of counsel and Plaintiff, the Court granted the motion and granted Plaintiff sixty days to obtain new legal representation.  *See* Doc. No. 25.  On December 21, 2009, the Court held a second Case Management Conference and set new scheduling order deadlines.  Plaintiff represented himself at the conference.  *See* Doc. Nos. 37 & 38.

On April 5, 2010, Frank De Santis entered his appearance as counsel of record for Plaintiff. *See* Doc. No. 40.  After holding a Case Management Conference with counsel, the Court issued a revised scheduling order.  *See* Doc. No. 42.  On July 30, 2010, Mr. De Santis filed the motion to be relieved as counsel.  According to Mr. De Santis' declaration in support of the motion, Plaintiff failed completely to maintain contact with Mr. De Santis; did not respond to Mr. De Santis' office's repeated attempts to meet and confer with him by telephone or in person in Mexico; refused to participate willingly in discovery; failed to attend meetings; was unable to be located; and, on July 13, 2010, finally contacted Mr. De Santis' office and stated that he might be moving to his country of origin, Guatemala.

On August 23, 2010, the Court granted Mr. De Santis' motion and allowed him to withdraw as counsel of record.  *See* Doc. No. 48.  In its order, the Court granted Plaintiff thirty additional days to obtain counsel and cautioned that "[i]n the event Plaintiff fails to obtain new counsel, or fails to litigate in a timely and appropriate manner while representing himself, this action may be subject to dismissal for failure to prosecute pursuant to Federal Rule of Civil

08CV2261

1   Procedure 41(b)." *See id.* at 3.  Plaintiff did not file a substitution of counsel or otherwise respond

2   to the Court's order.

3       On November 2, 2010, the Court scheduled a telephonic settlement conference after being

4   advised that Plaintiff is now in the custody of Immigration and Customs Enforcement.  *See* Doc.

5   No. 51.  The settlement conference was held.  The case did not settle.  *See* Doc. No. 52.

6   Thereafter, Defendant filed the instant motion to dismiss and Plaintiff filed his requests for

7   appointment of counsel and an extension of time to obtain counsel.

8                                    **DISCUSSION**

9       *1.     Plaintiff's Motion for Appointment of Counsel*

10      As a threshold matter, the Court addresses Plaintiff's motion for appointment of counsel, as

11  a finding that Plaintiff is entitled to the benefit of subsidized representation bears on whether the

12  action should be dismissed.

13      Plaintiff asserts that appointment of counsel is appropriate because he cannot afford an

14  attorney, he lacks legal knowledge to litigate the case, the legal issues presented by his claims are

15  complex, and because the Department of Homeland Security seeks his removal from the United

16  States.

17      Although Plaintiff's request is understandable under the circumstances, the Constitution

18  provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his

19  physical liberty if he loses the litigation.  *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25

20  (1981).  Furthermore, appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) requires the

21  Court to make a finding of "exceptional circumstances."  *Terrell v. Brewer*, 935 F.2d 1015, 1017

22  (9th Cir.1991).  Such a finding "requires an evaluation of both the 'likelihood of success on the

23  merits [and] the ability of the petitioner to articulate [his/her] claims *pro se* in light of the

24  complexity of the legal issues involved.'" *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997);

25  *Terrell*, 935 F.2d at 1017 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

26      Plaintiff has failed to plead facts sufficient to show the "exceptional circumstances"

27  required for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Plaintiff's complaint sets

28  forth a single cause of action for negligence.  *See* Doc. No. 1.  Thus, the legal issues presented by

his claims are not complex.  Plaintiff's indigent status alone does not support appointment of counsel because this is a civil case and Plaintiff's liberty is not at stake as a result of these proceedings.  His current incarcerated status does not demonstrate exceptional circumstances sufficient to appoint counsel, as federal and state prisoners often must represent themselves in civil litigation.  His legal status also does not support his request for appointment of counsel in this case because whether he is subject to removal from the country is a separate and independent matter not before this Court, and does not entitle him to the benefit of representation in this case.  Finally, on the record before it, the Court does not find a likelihood of success on the merits.  Accordingly, the Court **DENIES** Plaintiff's motion for appointment of counsel.

       *2.     Plaintiff's Motion for Extension of Time to Obtain Counsel*

As an alternative to appointment of counsel by the Court, Plaintiff requests an extension of time to obtain counsel.  Plaintiff cites reasons similar to those set forth in support of his motion for appointment of counsel as good cause for an extension of sixty to ninety days during which to find legal representation.

Plaintiff commenced this action with the benefit of counsel.  Through his own wilful failure to cooperate or communicate, he now finds himself without representation despite the Court granting him multiple extensions of time either to retain substitute counsel or file a notice with the Court indicating that he would proceed *pro se*.  Plaintiff squandered these opportunities for reasons unknown to the Court, and as a result, this case has been pending for more than two years with no resolution, and Plaintiff's actions have delayed litigation, disrupted the Court's timely management of its docket, and wasted judicial resources.  Indeed, most recently, Plaintiff failed to communicate with the Court or indicate his interest in obtaining counsel for a period of more than five months.  A further extension of time is not warranted nor is it supported by good cause.  Accordingly, the Court **DENIES** Plaintiff's motion.

       *3.     Defendant's Motion to Dismiss Pursuant to Rule 41(b)*

Defendant moves to dismiss this action with prejudice due to Plaintiff's failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Rule 41(b) for

08CV2261

1  failure to prosecute.  *See Link v. Wabash R.R. Co*., 370 U.S. 626, 629-30 (1962); *see also*

2  *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002), cert. denied, 538 U.S. 909 (2003).  A

3  dismissal under Rule 41(b) – other than for lack of jurisdiction, improper venue, or failure to join a

4  party – operates as an adjudication on the merits.  Fed. R. Civ. P. 41(b).

5         In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the

6  Court must weigh the following five factors: "'(1) the public's interest in expeditious resolution of

7  litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)

8  the public policy favoring disposition of cases on their merits; and (5) the availability of less

9  drastic sanctions.'"  *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v.*

10  *Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1261

11  (9th Cir. 1992) (stating that the first two dismissal factors favor dismissal and noting that "it is

12  incumbent upon [the Ninth Circuit] to preserve the district courts' power to manage their dockets

13  without being subject to endless vexatious noncompliance of litigants. . .").

14         Here, the first, second, and third factors favor dismissal of this case.  Plaintiff's failure to

15  cooperate with counsel or otherwise participate in the litigation of his claims has prevented the

16  case from proceeding.  There is a reasonable likelihood that Plaintiff will continue to stall the

17  progression of the case in the foreseeable future, in light of his apparent unwillingness to represent

18  himself or diligently seek counsel with whom he will cooperate.

19         Although the fourth factor weighs against dismissal, dismissal is appropriate in light of the

20  other four factors.  *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) (finding district

21  court did not abuse its discretion in dismissing petition with prejudice where three of the five

22  factors weighed in favor of dismissal).  Based on the procedural history of this case, and the

23  factors weighing in favor of dismissal, the Court concludes that dismissal of this action for failure

24  to prosecute is warranted.  *See Link*, 370 U.S. at 630-31 ("The authority of a court to dismiss *sua*

25  *sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by

26  rule or statute but by the control necessarily vested in courts to manage their own affairs so as to

27  achieve the orderly and expeditious disposition of cases.").

28         The fifth factor requires the Court to consider whether a less drastic alternative is available.

1   The Court has ordered Plaintiff previously to obtain counsel or commit to representing himself.

2   Defendant's motion to dismiss has provided Plaintiff with notice and an opportunity to

3   demonstrate to the Court why this matter should not be dismissed.  The Court has warned Plaintiff

4   that this matter might be dismissed if Plaintiff failed to comply with Court orders.  The Court has

5   pursued remedies that are less drastic than a recommendation of dismissal.  *See Malone v. U.S.*

6   *Postal Serv.*, 833 F.2d 128, 132 (9th Cir. 1987) ("[E]xplicit discussion of alternatives is

7   unnecessary if the district court actually tries alternatives before employing the ultimate sanction

8   of dismissal.").  At this juncture, the Court finds no suitable alternative to dismissal of this action.

9

10                                        **CONCLUSION**

11          Based on the foregoing, the Court finds that dismissal with prejudice is appropriate in this

12   case.  Accordingly, the Court **GRANTS** Defendant's motion to dismiss and this matter is

13   **DISMISSED** with prejudice pursuant to Rule 41(b) for Plaintiff's failure to prosecute.  The Court

14   **DENIES** Plaintiff's motion for appointment of counsel and motion for an extension of time to

15   obtain counsel.  The Clerk of Court is instructed to terminate the case.

16          **IT IS SO ORDERED**.

17   DATED:  January 6, 2011

18

19                                        Hon. Michael M. Anello
                                          United States District Judge

20

21

22

23

24

25

26

27

28